[Crim. No. 1369. Second Appellate District, Division One.—May 21, 1926.]

## THE PEOPLE, Respondent, v. DR. JOSEPH RICKARD, Appellant.

1] CRIMINAL LAW—SALE OF INTOXICATING LIQUOR—VERDICT—EVIDENCE —IDENTIFICATION OF LIQUOR.—In this prosecution for the illegal sale of intoxicating liquor, the evidence was sufficient to justify the verdict of guilty; and it was not necessary that the person to whom defendant sold the intoxicating liquor in question should have seen the contents of the sack or of the jug within the sack, where the intoxicating character of the whisky within the jug in evidence was amply established and said jug was identified as being contained in the sack given by defendant to said witness at the time the latter paid defendant the money.

[2] ID.—MISCONDUCT OF DISTRICT ATTORNEY—TRIVIAL POINT—APPEAL. On appeal from the judgment in such prosecution, the contention of appellant that the district attorney was guilty of misconduct at the trial of the case will not be sustained, where an examination of the transcript shows that the point is trivial and that no assignment of misconduct was made at the time.

---

1. See 14 Cal. Jur. 748.

2. See 8 Cal. Jur. 258.

[3] ID. — ALIBI — UNIMPORTANT EVIDENCE. — In such prosecution, the prosecuting witness having fixed the time of his transaction with defendant as being late in the afternoon of a specified day, and the defendant, on the other hand, having testified that he left his ranch (where the liquor sale was claimed to have taken place) on the morning of that day on a hunting trip and did not return until four days later, and there having been other witnesses in corroboration of this alibi, the defendant was not prejudiced by the ruling of the trial court excluding from evidence the proffered testimony of the owner of a grocery-store that defendant stopped at said store on the date defendant claimed he returned from his hunting trip and bought some groceries.

---

(1) 33 C. J., p. 764, n. 1.   (2) 17 C. J., p. 62, n. 94.   (3) 16 C. J., p. 559, n. 29.

APPEAL from an order of the Superior Court of San Diego County denying a new trial. L. D. Jennings, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. S. Staley and Ernest N. Clark for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CONREY, P. J.—[1] The evidence shows that the intoxicating liquor alleged to have been sold by the defendant to J. B. Davis and Ralph Cooke was sold and delivered in the following manner: Cooke went to Rickard's ranch and gave him some money. Rickard then delivered to Cooke a gunny-sack containing some article or package which Cooke did not see. Cooke drove away with this package and delivered it to Fred Buck. Cooke did not look into the sack at all and did not see the contents. But the sack and its contents remained unchanged during all of the time while in Cooke's custody. Buck testified that the article received by him from Cooke at the stated time and place was a sack containing a gallon jug, which with its contents remained continuously and unchanged in his possession down to the time of the trial, except that a small amount of the contents had been taken out for analysis by a chemist. There was ample evidence that the jug contained whisky,

and that the same was intoxicating liquor. Under appellant's claim that the evidence is insufficient to justify the verdict, he specifies only that the witness Cooke did not see the contents of the sack or of the jug within the sack; and that there was a failure in the courtroom at the trial to identify the jug. It is sufficient to say in reply that the jug was identified, and that under the circumstances shown in the evidence it was not necessary that Cooke should have seen the contents of the sack.

[2] Appellant further complains that the district attorney was guilty of misconduct at the trial of this case. An examination of the parts of the transcript indicated by appellant's counsel shows that as applied to this record the point is trivial, and that no assignment of misconduct was made at the time.

[3] In Cooke's testimony, he fixed the time of his transaction with the defendant as being late in the afternoon of September 15, 1925. The defendant, on the other hand, testified that at about 10 o'clock that morning he left his ranch (where the sale was charged to have taken place), and did not return until the 18th. There were other witnesses in corroboration of this alibi. The only error assigned by appellant in addition to those above stated relates to the testimony of the witness Patton. Patton had a grocery-store at a place on the road between defendant's ranch and the place to which defendant claims he went on his hunting trip. The court sustained an objection made by the district attorney to a question in which Patton was asked to say whether or not, on September 18th, defendant stopped at Patton's store and bought some groceries. The court sustained the objection on the ground that the evidence was not material in assisting to discover whether the offense charged was committed on the fifteenth day of September. It does seem to have been an item of very minor importance.

The order denying a new trial is affirmed.

Houser, J., and York, J., concurred.